UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTINA PERRIN,
Individually and as Parent and Natural
Guardian of Nicholas, a minor,

                      Plaintiff,

                                        DECISION AND ORDER

                                        08-CV-6153L

                v.

THE CANANDAIGUA CITY SCHOOL DISTRICT,
SUPERINTENDENT DONALD W. RAW, JR.,
JAMES SIMMONS, Athletic Director,
RICHARD ROMEO,
DR. STEVEN UEBBING,

                      Defendants.
_____

      Plaintiff, Christina Perrin ("Christina"), commenced this action against the Canandaigua (New York) City School District ("District") and several District employees and officials, asserting various civil rights claims on behalf of her son, Nicholas Perrin ("Nicholas") and herself.  Defendants have moved to dismiss the complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

      Four of the five defendants–the District, Donald W. Raw, Jr., James Simmons, and Dr. Steven Uebbing ("District defendants")–filed their motion to dismiss on June 13, 2008.  The fifth

defendant, Richard Romeo, represented by separate counsel, filed a motion to dismiss on July 16, 2008.

On June 16, 2008, the Court issued a scheduling order (Dkt. #9) giving plaintiffs until July 16, 2008 to respond to the District defendants' motion to dismiss.  Plaintiffs (who are represented by counsel) did not do so.  On August 4, 2008, the Court issued another scheduling order (Dkt. #15) giving plaintiffs until September 5, 2008 to respond to Romeo's motion to dismiss.  Again, plaintiffs did not do so.

On October 31, 2008, the Court issued a third order (Dkt. #16), which "directed [plaintiffs] to file some response by November 14, 2008," and to "either submit papers in opposition to the motion[s]," or to advise the Court that plaintiffs "consent[] to the relief requested."  The order noted that plaintiffs were in default on both motions to dismiss, and stated that "[f]ailure to respond as directed will leave the Court no choice but to treat the motions as unopposed."

Plaintiffs have still filed no response to either motion, nor have they communicated with the Court in any way since the motions were filed.  Accordingly, the Court treats the motions as unopposed.  The motions to dismiss may be granted on that ground alone.

Even I were to decide the motions on their merits, however, I would grant them and dismiss the complaint.  Plaintiffs' allegations, even if true, simply do not state a cognizable federal claim.

The gist of plaintiffs' claim is that defendant Romeo, who is a gym teacher and wrestling coach at Canandaigua Senior Academy, assaulted Nicholas, who was on the wrestling team, following a wrestling match on January 6, 2007.  According to the complaint, Nicholas, who

suffers from asthma, began having difficulty breathing during the match, and attempted to call a timeout.  Romeo allegedly called Nicholas a "pussy" and ordered him to "get his ass back on the mat" and continue the match, which Nicholas did, apparently without suffering a full-blown asthma attack.  Complaint ¶ 22.

Plaintiffs allege that after the match, Nicholas and Romeo "exchanged words," whereupon Romeo "pull[ed Nicholas's] arms behind his back, force[d] him through the door to the locker room and started to punch and poke him in the chest while berating him with the use of foul, profane and demeaning language."  Complaint ¶ 24.

Some time after this incident, Christina contacted the Canandaigua Police Department, and criminal charges were brought against Romeo.  The District allegedly was publicly supportive of Romeo, and plaintiffs were subjected to public ridicule and harassment.  Complaint ¶ 30.  Based on these allegations, plaintiffs have asserted several claims, all of which, as stated, must be dismissed.

Count I, which purports to assert a conspiracy claim under 42 U.S.C. §§ 1983 and 1985, is barred by the intracorporate conspiracy doctrine, under which "officers, agents and employees of a single corporate entity are legally incapable of conspiring together." *Hartline v. Gallo*, No. 03 Civ. 1974, 2006 WL 2850609, at *9 (E.D.N.Y. Sept. 30, 2006), *aff'd in pertinent part for reasons stated by district court, vacated on other grounds in part*, ___ F.3d ___, 2008 WL 4489846, at *2 n. 3 (2d Cir. 2008).  "The doctrine includes allegations of conspiratorial conduct between a public entity and its employees," *id.*, and although "[a]n exception to the intracorporate conspiracy doctrine applies to individuals within a single entity when they are pursuing personal interests wholly separate and apart from the entity," *Quinn v. Nassau County*

*Police Dep't*, 53 F.Supp.2d 347, 360 (E.D.N.Y. 1999), a complaint that does not set forth factual allegations showing that any of the individual defendants acted with independent motives is subject to dismissal for failure to state a claim. *See*, *e.g.*, *Hartline*, 2006 WL 2850609, at *9; *Peters v. Molloy College of Rockville Centre*, No. 07-CV-2553, 2008 WL 2704920, at *10-*11 (E.D.N.Y. July 8, 2008); *Jeter v. New York City Dep't of Educ.*, 549 F.Supp.2d 295, 303 (E.D.N.Y. 2008); *Bhatia v. Yale Univ.*, No. 3:06CV1769, 2007 WL 2904205, at *2 (D.Conn. Sept. 30, 2007). The complaint here sets forth no allegations indicating that any of the defendants acted in pursuit of some purely personal interests, so this claim must be dismissed.

Plaintiffs' § 1985 claim is also defective because it does not allege that defendants were motivated by any animus based on Nicholas's race or membership in a protected class. Such animus is an essential element of a § 1985 conspiracy claim, *see Harris v. County of Nassau*, ___ F.Supp.2d ___, 2008 WL 4425284, at *6 (E.D.N.Y. Sept. 29, 2008), and a complaint that fails to allege such animus is subject to dismissal. *See*, *e.g.*, *Belpasso v. City of New York*, No. 07-Civ-3627, 2008 WL 2676579, at *6 (S.D.N.Y. July 2, 2008); *Guarneri v. West*, 518 F.Supp.2d 514, 519 (W.D.N.Y. 2007). *See also Farid v. Bouey*, 554 F.Supp.2d 301, 325 (N.D.N.Y. 2008) ("plaintiff's complaint lacks any allegation regarding race-based animus or his membership in a suspect class providing motivation for the defendants' parole denial. Accordingly, I find plaintiff's section 1985(3) cause of action is subject to dismissal on the merits, even assuming inapplicability of the intra-corporate conspiracy doctrine").

Plaintiffs' claims under 42 U.S.C. § 1981 are also fatally flawed because of the absence of any allegations of racial animus. To survive a motion to dismiss, a § 1981 claim "must allege a deprivation of civil rights that occurred due to racial discrimination." *Liburd v. Bronx Lebanon*

*Hosp. Center*, No. 07 CIV. 11316, 2008 WL 3861352, at *8 (S.D.N.Y. Aug. 19, 2008). A complaint consisting of nothing more than "naked assertions, and setting forth no facts upon which a court could find" such animus is likewise subject to dismissal under Rule 12(b)(6). *Yusuf v. Vassar College*, 35 F.3d 709, 713 (2d Cir. 1994). *See, e.g.*, *Liburd*, 2008 WL 3861352, at *9; *Britton v. The Gleason Works*, No. 07-CV-6506, 2008 WL 3413902, at *4 (W.D.N.Y. Aug. 8, 2008).

To the extent that the complaint can be read as asserting an equal protection claim under the Fourteenth Amendment, it fares no better. The complaint fails to allege Nicholas's membership in a vulnerable class, or that he was treated differently from other similarly situated individuals and that there was no rational basis for the unequal treatment. *See Harlen Assocs. v. Incorporated Village of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001); *Ochoa v. City of West Haven*, No. 3:08-CV-0024, 2008 WL 4426960, at *3 (D.Conn. Sept. 26, 2008); *Assoko v. City of New York*, 539 F.Supp.2d 728, 736 (S.D.N.Y. 2008); *Regent v. Town of Cheektowaga*, No. 03-CV-0347, 2007 WL 981771, at *8 (W.D.N.Y. Mar. 30, 2007).

Plaintiff's excessive-force claims must also be dismissed. While there may be circumstances in which a public school teacher's or coach's assaultive acts toward a student can give rise to a violation of the student's substantive due process right to be free from excessive force, such a claim requires "egregious conduct ... so brutal and offensive to human dignity as to shock the conscience." *Smith v. Half Hollow Cent. Sch. Dist.*, 298 F.3d 168, 175 (2d Cir. 2002) (internal quotation marks omitted). Accordingly, "[f]or a substantive due process claim to survive a Rule 12(b)(6) dismissal motion, it must allege government conduct that 'is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'"

*Velez v. Levy*, 401 F.3d 75, 93 (2d Cir. 2005) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n. 8 (1998)).

The allegations in the complaint here do not rise to that level. As stated by another district court, a review of the case law makes clear that "the threshold for establishing a constitutional tort in a school setting is a high one indeed." *Edwards v. County Bd. of Educ. of Richmond County*, No. CV 1:04-168, 2007 WL 2345239, at *17 (S.D.Ga. Aug. 15, 2007); *see also id.* at *16 (collecting cases).

At one end of the spectrum, for example, the Second Circuit held in *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246 (2d Cir. 2001), that a gym teacher's alleged assault on a student, in which the teacher allegedly lifted the student off the ground by his neck, dragged him across the gym floor, choked him, slammed the back of his head against the bleachers four times, rammed his forehead into a metal fuse box, and punched him in the face, was sufficiently "conscience shocking" to state a § 1983 claim. *Id.* at 249. The court stated that viewed objectively, the alleged assault was conscience-shocking because it constituted malicious and sadistic conduct of a kind likely to produce substantial injury, was "extremely violent," and could not possibly have served any legitimate governmental interest. *Id.* at 252.

In contrast, the court in *Smith* held that where a seventh-grade teacher allegedly slapped a student in the face at full force with an open hand, allegedly causing the student both great physical pain and severe emotional pain for which he underwent psychotherapy, that act, "though regrettable, simply [wa]s not of constitutional proportions." *Id.* at 173. The court stated that while there is no "*per se* rule that a single slap from a teacher or other school official can never be sufficiently brutal to shock the conscience and invoke the protections of the due process

clause," the single slap in that case fell short of the threshold for stating a constitutional claim. *Id.* Accordingly, the court held, the plaintiffs' claim was properly dismissed.

The conduct alleged here likewise does not amount to a constitutional violation. Assuming the truth of all of plaintiffs' factual allegations, Romeo's alleged conduct was not so "'brutal' and 'offensive to human dignity'" that it could form the basis of a constitutional claim. As the Second Circuit stated in *Smith*, the Court must remain "cognizant of the Supreme Court's admonition" that the Constitution must not "be demoted to ... a font of tort law." *Id.* at 173 (quoting *County of Sacramento*, 523 U.S. at 847 n. 8). Romeo's alleged acts may have been wrongful, but they did not violate Nicholas's *constitutional* rights.[1]

Plaintiffs' allegation that defendants' conduct violated their rights under the First Amendment must also be dismissed. Plaintiffs' only allegation in that regard is that defendants publicly denied plaintiffs' claims and that they encouraged public support for defendant Romeo. Such conduct does not give rise to a First Amendment claim. If anything, plaintiffs' position, if accepted, could chill parties in defendants' position from speaking out in their own behalf when they have been named as defendants in a lawsuit, lest they be charged with a First Amendment violation as well.[2] Plaintiffs' claims that defendants somehow violated their First Amendment rights to free association are likewise without any basis in the factual allegations of the complaint. *See Balaber-Strauss v. Town/Village of Harrison*, 405 F.Supp.2d 427, 432 (S.D.N.Y.

---

[1] As did the court in *Smith*, I "express no view regarding the merits of any state law claims that may be available" to plaintiff. 298 F.3d at 173 n. 2.

[2] Plaintiffs also allege that "after one night when several speakers praised defendant Romeo at a public school board meeting, the business of Nicholas' father was destroyed by fire." Complaint ¶ 32. There is no indication that this was in any way attributable to defendants' actions or that it had anything to do with the events giving rise to this lawsuit.

2005) (plaintiffs' allegation that defendants "publicly discredited" them and "alienat[ed] the public support" that plaintiff had been receiving in their dispute with defendants failed to state First Amendment claim).

I conclude, then, that the complaint fails to allege any cognizable constitutional claim. It is therefore unnecessary for the Court to address plaintiffs' municipal liability claims, which in any event do little more than parrot the language of *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978). Such formulaic pleading is not enough to defeat a motion to dismiss. *See Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1964-65 (2007). Having dismissed plaintiffs' federal claims, I also decline to exercise supplemental jurisdiction over their claims under state law. *See Robinson v. Allstate*, ___ F.Supp.2d ___, 2008 WL 4823608, at *3 (W.D.N.Y. 2008).

## CONCLUSION

Defendants' motions to dismiss the complaint (Dkt. #4, #14) are granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 21, 2008.